## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

08/31/2017, 9:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEYS FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Richard A. Mann | Eric Sommers |
| Lisa M. Joachim | Indianapolis, Indiana |
| Mann Law, P.C. | |
| Indianapolis, Indiana | |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert Paul Harris, III, | August 31, 2017 |
| *Appellant-Petitioner,* | Court of Appeals Case No. 32A01-1702-DR-302 |
| v. | Appeal from the Hendricks Superior Court |
| Melanie Harris, | The Honorable Mark A. Smith, Judge |
| *Appellee-Respondent.* | Trial Court Cause No. 32D04-0710-DR-118 |

**Barnes, Judge.**

## Case Summary

Robert Paul Harris, III, ("Father") appeals the trial court's denial of his request for modification of a child support order. We reverse and remand.

# Issue

Father raises one issue, which we restate as whether the trial court properly imputed income to him and denied his request for modification of child support.

# Facts

Father and Melanie Harris ("Mother") were married in 2000 and had three children. When they divorced in 2009, Father was ordered to pay $362.00 per week in child support. At that time, Father was working as an airline pilot.

On October 2, 2016, Father was arrested for operating a vehicle while intoxicated, and he was fired from his job. Father learned that, to resume flying as an airline pilot, he would have to pass a medical evaluation, see a psychiatrist, and provide the FAA with his police reports and court records. Father found temporary employment at a Wal-Mart warehouse making $361.00 a week, and he began working on December 9, 2016.

On December 21, 2016, Father filed a petition to modify his child support obligation as a result of his lower income. On January 4, 2017, Father pled guilty to Class A misdemeanor operating a vehicle while intoxicated, and he was sentenced to 361 days of probation. The trial court held an evidentiary hearing on the child support modification petition on January 13, 2017. The trial court entered findings of fact and conclusions thereon as follows:

6. The evidence established that [Father] was earning weekly gross income of $1,712.00, or approximately $89,000/yr at the time of the Decree.

7. [Father] is now earning $361.00 per week as a result of losing his job. The evidence established that [Father] was employed full time as a pilot with Republic Airways but was terminated on October 2, 2016 by his employer as a result of an operating while intoxicated charge. [Father] subsequently pled guilty on January 4, 2017 under case number 32D02-1610-CM-1510.

8. [Mother] was earning $460.00 per week at the time of the Decree, or approximately $23,920/yr. Currently, [Mother] works full-time and earns approximately $38,000/yr or $731/week.

9. [Mother] provides health insurance for the minor children at a weekly cost of $22.00. This is another substantial change since the Decree in that [Father] was previously providing health insurance.

10. The evidence established that [Father] does not spend more than 76 overnights per year with the minor children.

11. Based upon the foregoing, the Court finds and orders:

   a. [Father's] request to modify his support based upon a weekly gross income of $361.00 is denied. [Father's] reduction in income was as a result of a personal choice on his part to drink and drive. [Father] failed to demonstrate what reductions in personal expenses he has undertaken. Specifically, the evidence established that he continues to pay a

monthly mortgage of $1,300.00 despite a reduction in income. Moreover, [Father] testified that it remains possible for him to work as a pilot again in the future after he completes several requirements which he has not fulfilled at this time;

b. While [Father's] support should not be reduced based upon his personal choice to drink and drive, there have been other circumstances that have changed and that the Court considered for purposes of a modification. For example, [Mother's] income has increased; she has been paying the cost of health insurance; and, [Father's] overnight parenting time credit has decreased. Considering these changed circumstances, the new recommended weekly child support obligation is $343.00 per week. (Exhibit A). However, this is a change of only $19.00 per week and less than the 20% reduction threshold set forth in Ind. Code 31-16-8-1(b)(2);

c. Even calculating support based upon an increase in [Father's] annual income to $100,000.00, taking into account all the other changes, the recommended support obligation only changes to $366.00 (Exhibit B), an increase of $4.00 per week which is also less than 20%;

d. Based upon the foregoing, the Court finds that the current support order is not an unreasonable order. [Father's] request to modify child support is denied[.]

Appellant's App. Vol. II pp. 33-34. Father now appeals.

**Analysis**

Father challenges the trial court's denial of his motion for a modification of child support. The trial court entered findings of fact and conclusions thereon sua sponte. Sua sponte findings only control issues that they cover, while a general judgment standard applies to issues upon which there are no findings. *In re Paternity of Pickett*, 44 N.E.3d 756, 762 (Ind. Ct. App. 2015). We may affirm a general judgment with findings on any legal theory supported by the evidence. *Id.* As for any findings that have been made, they will be set aside only if they are clearly erroneous. *Id.* A finding is clearly erroneous if there are no facts in the record to support it, either directly or by inference. *Id.*

Under Indiana Code Section 31-16-8-1, a child support order may be modified only:

    (1)    upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable; or

    (2)    upon a showing that:

        (A)    a party has been ordered to pay an amount in child support that differs by more than twenty percent (20%) from the amount that would be ordered by applying the child support guidelines; and

        (B)    the order requested to be modified or revoked was issued at least twelve (12) months before the petition requesting modification was filed.

[8] The trial court here found no showing of changed circumstances so substantial and continuing as to make the terms unreasonable or a showing of a twenty-percent difference. Father argues that the trial court erred in calculating his weekly gross income because the trial court imputed income to him rather than using his actual income. The Indiana Child Support Guidelines provide:

> If a court finds a parent is voluntarily unemployed or underemployed without just cause, child support shall be calculated based on a determination of potential income. A determination of potential income shall be made by determining employment potential and probable earnings level based on the obligor's work history, occupational qualifications, prevailing job opportunities, and earnings levels in the community.

Ind. Child Support Guideline 3(A)(3). A trial court has wide discretion to impute income to ensure the child support obligor does not evade his or her support obligation. *Pickett*, 44 N.E.3d at 766.

[9] Father argues that the trial court's imputation of income to him is clearly erroneous based on *Lambert v. Lambert*, 861 N.E.2d 1176 (Ind. 2007), and *In re Paternity of E.C.*, 896 N.E.2d 923 (Ind. Ct. App. 2008). In *Lambert*, our supreme court held that "incarceration does not relieve parents of their child support obligations." *Lambert*, 861 N.E.2d at 1177. "On the other hand, in determining support orders, courts should not impute potential income to an imprisoned parent based on pre-incarceration wages or other employment-related income, but should rather calculate support based on the actual income and assets available to the parent." *Id.*; *see also Clark v. Clark*, 902 N.E.2d 813 (Ind. 2009)

(holding that incarceration can be a substantial change in circumstances that would warrant a modification of child support). Similarly, in *E.C.*, the trial court imputed income to an incarcerated parent, and we reversed for the trial court to determine whether the parent had other income or assets available to satisfy his child support obligation during his incarceration. *E.C.*, 896 N.E.2d at 927. However, we find these cases inapplicable because they involve incarcerated parents, and Father here is not incarcerated.

[10] Father also relies on *Miller v. Sugden*, 849 N.E.2d 758 (Ind. Ct. App. 2006), *trans. denied*. There, the father lost his employment as a chemist for Eli Lilly for the unauthorized removal of "chemistry material" from the lab. *Miller*, 849 N.E.2d at 759. The father filed a petition to modify his child support, and the trial court imputed the gross weekly income that the father had earned at Eli Lilly. On appeal, we distinguished the case from *Carmichael v. Siegel*, 754 N.E.2d 619, 633 (Ind. Ct. App. 2001), where we held:

> if a parent's intentional misconduct directly results in a reduction of his or her income, no corresponding decrease in his or her child support obligation should follow, because such misconduct results in 'voluntary underemployment' according to the Child Support Guideline 3(A)(3), and the income the parent was earning before that misconduct should be imputed to that parent.

*Miller*, 849 N.E.2d at 761. We noted that "*Carmichael* involved a parent who petitioned for a modification of child support after his license to practice law was suspended because he intentionally deceived a bankruptcy court." *Id.* We concluded that *Carmichael* was distinguishable because there was "no indication

that criminal charges were ever filed against Father with regard to the disappearance of chemicals from his lab." *Id.* Although the evidence supported "the trial court's finding that Father's termination from Lilly was the result of his own misconduct," we could not conclude that the father's conduct amounted to the level of "intentional deceit present in *Carmichael*." *Id.* Although we concluded that the father's income should not be imputed to his prior income from Eli Lilly, we did conclude that he was capable of working as a chemist, although at a lesser salary. Consequently, we imputed income to him in the amount of $900 per week.

[11] This case is more like *Miller* than *Carmichael*. Father's misconduct, while disturbing and criminal, do not seem to rise to the level of "intentional deceit present in *Carmichael*." *Id.* It is undisputed that Father has lost his job as an airline pilot and, although he still has the chance of regaining similar employment if he complies with the FAA requirements, it is unclear when or if an increase in his income will occur. Under these circumstances, we conclude that the trial court's imputation of income to Father is clearly erroneous.

## Conclusion

[12] The trial court's denial of Father's petition to modify child support is clearly erroneous. We reverse and remand for a recalculation of child support.

[13] Reversed and remanded.

Baker, J., concurs.

Crone, J., concurs in result with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

Robert Paul Harris, III,

*Appellant-Petitioner,*

v.

Melanie Harris,

*Appellee-Respondent*

Court of Appeals Case No.
32A01-1702-DR-302

**Crone, Judge, concurring in result.**

I agree with the majority's decision to reverse the denial of Father's petition to modify child support, but I would do so on different grounds. I believe that the facts of this case are more analogous to those involving incarcerated parents, in that Father lost his pilot's job as a result of an act for which he was criminally charged and convicted. There is no evidence that he committed the act to evade his support obligation or that he could earn his previous income of $89,000 per year until he fulfills the aforementioned FAA requirements.[1] Although Father is not incarcerated, based on our supreme court's reasoning in *Lambert*, I believe that the trial court should not impute potential income based

---

[1] There is no evidence that Father has dragged his feet in fulfilling those requirements or that he could have fulfilled them by the time of the hearing on his petition.

on his previous income "but should rather calculate support based on [his] actual income and assets[.]"  861 N.E.2d at 1177.